# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

DARREN MILLER                                    CIVIL ACTION

VERSUS                                           NO.  18-4724

W.S. "SANDY" McCAIN                              SECTION "E"(2)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I.    FACTUAL BACKGROUND

The petitioner, Darren Miller, is a convicted inmate currently incarcerated in the Raymond LaBorde Correctional Center in Cottonport, Louisiana.[2]  On May 23, 2011, Miller was charged in a three-count bill of information in Jefferson Parish with one count of purse-

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 1.

snatching and two counts of theft of goods valued at $500 to $1,500.[3]  The two theft counts were ultimately dismissed via nolle prosequi by the district attorney, leaving only Count 1, the purse-snatching charge.[4]  On December 5, 2011, Miller pled guilty as charged to Count 1.[5]  On that same date, Miller was sentenced to 20 years at hard labor as to Count 1; charged in open court in a multiple offender bill of information, which sought enhanced sentencing on grounds that he had been convicted of prior felony offenses; pled guilty to the multiple offender charge and was resentenced as a third felony offender to 20 years in prison at hard labor, with credit for time served, plus court costs and fees.[6]

Miller's conviction became final thirty (30) days later, on January 4, 2012, when he did not seek reconsideration of the sentence or pursue a direct appeal.[7]  Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas

---

[3]St. Rec. Vol. 1 of 2, Bill of Information, 5/23/11.

[4]Id., Minute Entry re. guilty plea, 12/5/11.

[5]Id.; Plea of Guilty & Waiver of Rights form, 12/5/11; Minute Entry re. guilty plea, multiple offender charge, sentencing and resentencing, 12/5/11.

[6]Id.; Plea of Guilty & Waiver of Rights as a Multiple Offender Under La. R.S. 15:529.1 form, 12/5/11.

[7] Miller's petition filed in this court acknowledges that he did not file a direct appeal of his conviction and sentence.  Record Doc. No. 1 at p. 3, ¶6(a).

became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[8]).

For almost five years after his conviction became final,[9] Miller took no action whatsoever to challenge his conviction and sentence.  Instead, during 2012-13, he filed various requests and motions to obtain copies of documents from his case proceedings, including the transcript of his guilty pleas and sentencing, which were granted insofar as they sought all court records, with the last such request filed August 15, 2013, denied as moot because the previous motions had been granted.[10]  In July 27, 2015, Miller filed another motion for production of documents, seeking copies of the transcript of his guilty plea and sentencing, the bill of information, court minutes and his commitment order.[11] The motion was denied because the clerk of court had previously mailed the documents to Miller.[12]

---

[8]The Cousin court recognized that failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period, citing State v. Counterman, 475 So.2d 336, 338 (La. 1985).  At the time of Cousin, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[9] Miller's petition filed in this court acknowledges that he delayed almost five years after his conviction became final before challenging his conviction through application for post-conviction relief. Record Doc. No. 1 at p. 3, ¶ 7(a), (b)(iii).

[10]State Rec. Vol. 1 of 2, petitioner's previous requests/motions for documents dated 7/10/12, 3/20/13, 7/2/13, 8/15/13; trial court orders and correspondence granting requests and providing documents dated 8/9/12 (7/10/12 motion granted as to Boykin transcript and denied as to other public records), 4/16/13 (granting 3/20/13 motion), 8/5/13 (8/9/12 order re-issued), 8/8/13 (providing Boykin transcript), 10/1/13(denied as moot).

[11]Id., Motion for Production of Documents, signed 7/23/15.

[12]Id., state trial court order, 8/3/15.

On November 29, 2016, almost five years after his conviction became final, Miller signed, then submitted by letter dated December 8, 2014, to the clerk of the state trial court an application for post-conviction relief. In that pleading, which he asserted a single claim that his guilty plea was obtained in violation of his constitutional rights in that he did not knowingly and voluntarily waive his rights because the information provided to him by the State, the court and his counsel was erroneous.[13]

On January 4, 2017, the state trial court denied relief, finding the application untimely under La. Code Crim. P. art. 930.8.[14] Miller timely filed an application for writs in the Louisiana Court of Appeal for the Fifth Circuit, in which he asserted three "issues presented for review," including: (1) He was denied due process when the state trial court failed to advise him that he had only two years to seek post-conviction relief. (2) His guilty plea and waiver of rights were not knowingly and voluntarily made. (3) The state trial court erroneously denied his application for post-conviction relief without first requiring the State to file an answer.[15] The appellate court denied the application by order dated March 20, 2017, finding no error in the trial court's actions or in its finding that Miller's application for post-conviction relief was untimely.[16]

---

[13]State Rec. Vol. 1 of 2, Uniform Application for Post Conviction Relief and supporting memorandum, signed 11/29/16.

[14]St. Rec. Vol. 1 of 2, Trial Court Order, 1/4/17.

[15]State Rec. Vol. 1 of 2, La. 5th Cir. writ application signed 2/2/17.

[16]Id., La. App. 5th Cir. Case No. 17-KH-75 Order, 3/20/17.

By letter to Miller dated May 5, 2017, the clerk of the Louisiana Supreme Court acknowledged that it had filed on that date Miller's application for a writ of review of the appellate court's ruling, which the clerk metered on March 31, 2017.[17]  In his Louisiana Supreme Court application, Miller argued the same three claims outlined above that he had asserted in the Louisiana appellate court.[18] By order issued on August 3, 2018, the Louisiana Supreme Court denied this application.[19]

III.    FEDERAL HABEAS PETITION AND MOTION TO STAY

On May 8, 2018, the clerk of this court filed Miller's federal habeas corpus petition challenging his guilty plea in which he asserts two "issues presented for review": (1) His guilty plea was unconstitutional because "the state made an unenforceable plea agreement." (2) The state court improperly imposed a procedural bar as to his post-conviction application because the court, his counsel and the prosecution failed to advise him of his statutory rights.[20]  The State filed a response in opposition to Miller's federal petition asserting that the petition is time-barred, unexhausted and procedurally defaulted.[21]

---

[17]State Rec. Vol. 1 of 2, clerk's letter, La. S. Ct. Case No. 2017-KH-733.

[18]State Rec. Vol 2 of 2, Application for Writ for Review Etc., La. S. Ct. Case No. 17-KH-733, 5/5/17.

[19] Although this order is not in the state court record provided earlier to this court, it has been reported at State ex rel. Miller v. State, No. 2017-KH-0733, 2018 WL 3751847, at *1 (La. Aug. 3, 2018).

[20]Rec. Doc. No. 1 at pp. 2, ¶5(a); 7.

[21]Rec. Doc. No. 14 at pp. 6-12.

III.    <u>GENERAL STANDARDS OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[22] and applies to habeas petitions filed after that date.  <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Miller's petition, which, for reasons discussed below, is deemed filed on May 4, 2018.[23]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record establishes that Miller's federal petition was <u>not</u> timely filed.  Miller's petition should therefore be dismissed as time-barred.

---

[22]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1057 (2000); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Miller's petition on May 8, 2018.  Miller signed and dated the petition on May 4, 2018, which is the earliest date appearing in the record on which he could have submitted the pleadings to prison officials for mailing.

IV.   <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[24]  <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001).  Miller's conviction became final on January 4, 2012, which was 30 days after his guilty plea and sentencing, which he did not appeal.  Applying Section 2244 literally, Miller had one year from finality of his conviction, until January 4, 2013, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented

---

[24]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Miller has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case.  The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.  See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402

(5th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); <u>Fisher</u>, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); <u>Cantu-Tzin</u>, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); <u>Davis</u>, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed
> state habeas application is pending must be excluded when calculating the
> one[-]year period.  Under the plain language of the statute, any time that
> passed between the time that [petitioner's] conviction became final and the
> time that his state application for habeas corpus was properly filed must be
> counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926,

at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771,

771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning

of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural

filing requirements,'" such as timeliness and location of filing.  Pace, 544 U.S. at 414

("When a postconviction application is untimely under state law, 'that [is] the end of the

matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th

Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward,

209 F.3d 383, 384-85 (5th Cir. 2000).  The timeliness consideration in Louisiana, for

purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed

by a prisoner.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state

collateral review process is 'in continuance.'"  Carey v. Saffold, 536 U.S. 214, 219-20

(2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes

until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Miller's case, the one-year AEDPA statute of limitations began to run on January 5, 2012, the day after his conviction was final under federal law. The AEDPA one-year limitations period then ran without interruption for almost five years, until November 29, 2016, when he finally filed an application for post-conviction relief in the state trial court.

The record reflects that, during the five-year period before he challenged his conviction, Miller successfully sought copies of various records from the state court during 2012-13. However, requests for documents and transcript copies, like those submitted by Miller, are not other collateral review for purposes of the AEDPA tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th

Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather support and transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling). Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

Therefore, under the mailbox rule, Miller's federal petition is deemed filed on May 4, 2018, which was more than four years after the AEDPA one-year statute of limitations expired on January 4, 2013. His federal petition was not timely filed and must be dismissed with prejudice for that reason.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Darren Miller's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

-12-

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[25]

New Orleans, Louisiana, this _____21st_____ day of August, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[25]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.