# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARREN MILLER,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4724** |
| **W.S. "SANDY" MCCAIN,**<br>    Defendant | **SECTION: "E"(2)** |

## ORDER AND REASONS

Before the Court is Petitioner Darren Miller's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] On July 30, 2018, the State filed a response to the Petition.[2] This matter was referred to the United States Magistrate Judge, who issued a Report and Recommendation on August 21, 2018.[3] Magistrate Judge Joseph C. Wilkinson, Jr. recommended that the Petition be dismissed with prejudice as time barred.[4] Petitioner timely objected to the magistrate judge's Report and Recommendation.[5] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, and hereby **DISMISSES** the Petition with prejudice as time barred.

## BACKGROUND

Petitioner Darren Miller is currently incarcerated in the Raymond LaBorde Correctional Center in Cottonport, Louisiana.[6] On December 5, 2011, Petitioner pled guilty to one count of purse snatching[7] and was sentenced to 20 years in prison at hard

---

[1] R. Doc. 1.
[2] R. Doc. 14.
[3] R. Doc. 17.
[4] R. Doc. 17 at 12.
[5] R. Doc. 18.
[6] R. Doc. 1.
[7] State Rec., Vol. 1 of 2, Minute Entry re: guilty plea, 12/5/11.

1

labor.[8] Petitioner did not file a direct appeal,[9] so his conviction and sentence became final thirty days later, on January 4, 2012.[10]

Throughout 2012 and 2013, Miller filed various requests and motions[11] to obtain copies of documents and transcripts from his case proceedings, including the transcript of his guilty plea and sentencing, which the court mailed on August 8, 2013.[12] Petitioner filed another motion for production of documents on July 27, 2015,[13] which the court denied on August 3, 2015 because the clerk had previously mailed the documents to him.[14] On November 29, 2016, almost five years after his conviction became final, Petitioner signed an application for post-conviction relief, which he submitted to the clerk of the state trial court by letter dated December 8, 2016.[15] The state trial court denied relief on January 4, 2017, finding the application untimely under Louisiana Code of Criminal Procedure article 930.8.[16] On March 20, 2017, the Louisiana Court of Appeal for the Fifth Circuit likewise denied the application, finding no error in the trial court's determination that the application was untimely.[17] The Louisiana Supreme Court denied relief on August 3, 2018.[18]

---

[8] State Rec., Vol. 1 of 2, Minute Entry re: sentencing and resentencing, 12/5/11.
[9] Petitioner concedes that he did not file a direct appeal. R. Doc. 1 at 3; R. Doc. 18 at 5-6.
[10] *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914).
[11] State Rec., Vol. 1 of 2, petitioner's requests/motions for documents dated 7/10/12, 3/20/13, 7/2/13, 8/15/13; trial court orders and correspondence granting requests and providing documents dated 8/9/12 (7/10/12 motion granted as to Boykin transcript and denied as to other public records), 4/16/13 (granting 3/20/13 motion), 8/5/13 (8/9/12 order re-issued), 8/8/13 (providing Boykin transcript), 10/1/13(denied as moot).
[12] State Rec., Vol. 1 of 2, Trial Court Order 8/5/13; Certified Mail 8/8/13.
[13] State Rec., Vol. 1 of 2, Motion for Production of Documents, signed 7/23/15.
[14] State Rec., Vol. 1 of 2, State Trial Court Order 8/3/15.
[15] State Rec., Vol. 1 of 2, Uniform Application for Post-Conviction Relief and supporting memorandum.
[16] State Rec., Vol. 1 of 2, Trial Court Order, 1/4/17.
[17] State Rec., Vol. 1 of 2, La. App. 5th Cir. Case No. 17-KH-75 Order, 3/20/17.
[18] Although this order is not in the state court record provided earlier to this court, it has been reported at *State ex rel. Miller v. State*, No. 2017-KH-0733, 2018 WL 3751847, at *1 (La. Aug. 3, 2018).

On May 8, 2018, Petitioner filed the instant Petition for Writ of Habeas Corpus, presenting two grounds for relief: (1) his guilty plea was unconstitutional and (2) the state court improperly imposed a procedural bar to his post-conviction application because the court, his counsel, and the prosecution failed to advise him of the time period in which to file an application for post-conviction relief in the state court. The State filed a response, asserting that the Petition is time barred, unexhausted, and procedurally defaulted.[19] The Magistrate Judge recommended the Petition be dismissed as time barred.[20] Petitioner timely objected to the magistrate judge's Report and Recommendation.[21]

## ANALYSIS

In reviewing the magistrate judge's Report and Recommendation, the Court must conduct a *de novo* review of any of the magistrate judge's conclusions to which a party has specifically objected.[22] Petitioner objects to the Magistrate's recommendation that the Petition be dismissed as time barred because the state trial court failed to advise him of the two year limitations period to file a state application for post-conviction relief, in violation of Louisiana Code of Criminal Procedure article 930.8(C).[23]

Louisiana Code of Criminal Procedure article 930.8(C) provides, "[a]t the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing." However, this article does not create a remedy for the trial court's failure to inform the defendant of the limitations period.[24]

---

[19] R. Doc. 14.
[20] R. Doc. 17.
[21] R. Doc. 18.
[22] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[23] R. Doc. 18 at 6.
[24] State Rec., Vol. 1 of 2, La. App. 5th Cir. Case No. 17-KH-75 Order, 3/20/17 (citing *State v. Brumfield*, 09-1084 (La. 9/02/09), 16 So.3d 1161, 1162).

This Court's review of the state court record reveals that Petitioner *was* informed of the two-year limitations period. The guilty plea and waiver of rights, signed and initialed by Petitioner, states, "I understand that I have two years from the date my conviction and sentence become final to file for post-conviction relief."[25] Furthermore, Petitioner's assertion that the trial court failed to inform him of the two-year limitations period for filing a *state* application for post-conviction relief has no bearing on his ability to file a *federal* application. A state court judge is not required to inform a defendant of his federal habeas corpus rights.[26]

The Antiterrorism and Effective Death Penalty Act of 1996 requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[27] This one-year limitations period is interrupted during the time when a properly filed application for state post-conviction relief or other collateral review is pending.[28] The one-year limitations period may be equitably tolled when the petitioner has pursed his rights diligently or when rare and extraordinary circumstances exist which prevented timely filing.[29] Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights, such as when an attorney ignores a client's request to file a federal petition[30] or when the state

---

[25] State Rec., Vol. 1 of 2, Plea of Guilty and Waiver of Rights, Plea of Guilty and Waiver of Rights as a Multiple Offender.
[26] *Brumfield v. Goodwin*, No. 1:18-CV-1189, 2018 WL 6272015, at *2 (W.D. La. Oct. 11, 2018), report and recommendation adopted, No. 1:18-CV-1189, 2018 WL 6251930 (W.D. La. Nov. 29, 2018); *Puderer v. Vannoy*, 17-CV-324, 2018 WL 1319023, at *8 (E.D. La. Jan. 26, 2018), report and recommendation adopted, CV 17-324, 2018 WL 1287621 (E.D. La. Mar. 13, 2018); *Santinac v. Cain*, No. 06-6260, 2011 WL 765742, at *2 (E.D. La. Feb. 23, 2011); *Cooper v. Travis*, No. 08-0021, 2010 WL 3523022, at *2 (E.D. La. Sept. 2, 2010).
[27] 28 U.S.C. § 2244(d).
[28] 28 U.S.C. § 2244(d)(2)
[29] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).
[30] *Holland v. Florida*, 560 U.S. 631, 651-54 (2010)

court fails to inform a petitioner that his state habeas petition was denied.[31] The burden of proof to establish that equitable tolling applies falls to the petitioner, and "ignorance of the AEDPA's limitation period is no excuse for filing an untimely federal petition."[32]

Petitioner's conviction became final on January 4, 2012, and he did not file a state application for post-conviction relief until November 29, 2016 at the earliest.[33] Petitioner did not file a federal habeas petition until May 8, 2018.[34] Equitable tolling is not warranted in this case; as a result, the Petition is untimely.

## CONCLUSION

For the reasons above, the Court **APPROVES** the Magistrate Judge's Report and Recommendations and **ADOPTS** it as its opinion in this matter.[35]

**IT IS ORDERED** that Petitioner Darren Miller's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus is hereby **DISMISSED WITH PREJUDICE**.[36]

**New Orleans, Louisiana, this 23rd day of January, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[31] *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009); see also Pace, 544 U.S. at 418-19; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).
[32] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).
[33] State Rec., Vol. 1 of 2, Uniform Application for Post-Conviction Relief and supporting memorandum.
[34] R. Doc. 1.
[35] R. Doc. 17.
[36] R. Doc. 1.